IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MAJESTIC VENTURES, INC., ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-508 |
| | § | |
| M/V SENSATION, ET AL. | § | |

## O R D E R

On January 18, 2008, the Court conducted a Hearing on "Community Credit Union's (CCU's) Motion to Intervene" as the authorized representative of Capital Certified Development Corporation (CCDC) and the Small Business Administration (SBA) for collection of a promissory note secured by a second preferred mortgage on the M/V SENSATION; in their response to the Motion the Plaintiffs have asserted a *pro forma* challenge to CCU's authority to act on behalf of CCDC and the SBA.

Plaintiffs do not question the legality of an assignment solely for the purpose of collection of the promissory note, See e.g. Klamath-Lake Pharm Ass'n v. Klamath Med. Services Bureau, 701 F.2d 1276, 1282 n. 4 (9th Cir. 1983), and they concede that if CCU has standing it is entitled to intervene as a matter of right. However, Plaintiffs question whether there is a sufficient agency relationship in existence to support CCU's standing to intervene. In reply, counsel for CCU informed the Court that he believes he had sufficient authority to act but had requested additional documentation to overcome Plaintiffs' challenge.

Rule 17(a)(3) of the Federal Rules of Civil Procedure says, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify….the action." Under the

present circumstances of this case it is the opinion of this Court that CCU's Motion should be granted and CCU allowed a reasonable time to cure, if necessary at all, its alleged lack of standing. It is, therefore, **ORDERED** that the instant "Motion to Intervene" (Instrument no. 63) of CCU is **GRANTED** on the condition that CCU tender to Plaintiffs, **on or before February 1, 2008**, proof of its authority to intervene in its representative capacity or a proper ratification from CCDC and the SBA authorizing the continuation of the action and their agreement to be bound by the results of the litigation. See Mutuelles Unis v. Kroll & Winstrom, 957 F.2d 707, 712 (9th Cir. 1992)

If Plaintiffs still challenge CCU's standing subsequent to receipt of CCU's proof, the court will revisit the issue, *sua sponte*, at the Hearing scheduled for February 1, 2008, and may require CCU to present and file those documents which evidence its alleged standing. Cf. ICON Group Inc. v. Mahogany Run Development Corp., 829 F.2d 473, 478 (3$^{d}$ Cir. 1987)

It is further **ORDERED** that CCU **SHALL** file its Amended Motion for Summary Judgment **on or before February 1, 2008.**

**DONE** at Galveston, Texas, this ____23rd____ day of January, 2008.

_John R. Froeschner_
John R. Froeschner
United States Magistrate Judge