# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| MAJESTIC VENTURES, INC., *et al.*, § § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-0508 |
| § | |
| M/V SENSATION, *in rem*, § | |
| Defendant. § | |

## **MEMORANDUM AND ORDER**

This maritime case is before the Court on the Motions for Summary Judgment ("Motions") [Docs. # 57, # 76, and # 88] filed by Intervenor Community Credit Union ("CCU"), on its own behalf and as representative of Capital Certified Development Company ("CCDC") and the Small Business Administration ("SBA"). The Motions were referred to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Motions were briefed and counsel presented oral argument to the Magistrate Judge, who issued a Report and Recommendation ("R&R") [Doc. # 113]. Plaintiffs Majestic Ventures, Inc. ("MV"), Majestic Dinner Cruises, Inc. ("MD") (collectively, "Majestic"), and John Litchfield

filed Objections [Doc. # 118] to the R&R.[1]  Intervenor did not file a Response to Plaintiffs' Objections, and did not request additional time to do so.

The Court has carefully reviewed the Motions *de novo*.  Based on that review, the Court **grants** Intervenor's Motion for Summary Judgment [Doc. # 88] based on estoppel.  The earlier Motions for Summary Judgment [Docs. # 57 and # 76] are, therefore, **moot**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In January 2003, Litchfield owned and operated MD, the company that owned the M/V SENSATION ("SENSATION"), a dinner cruise vessel.  Litchfield also owned MV, which owned two similar dinner cruise vessels.  James E. Yokley was employed by Majestic in a sales position.

In December 2004, Litchfield agreed to sell the SENSATION to Yokley.  In January 2005, the parties entered into a written non-compete agreement pursuant to which Yokley committed that he would not operate the SENSATION in competition with other vessels operated by MV.  More than a year later, in February 2006, the parties entered into a written Management Agreement pursuant to which MV would provide management services for the SENSATION.  Plaintiffs allege that prior to

---

[1] Plaintiffs filed timely Objections [Doc. # 118].  Later, on the deadline for Intervenor to respond to Plaintiffs' Objections, Plaintiffs submitted a second, revised document entitled "Objections" [Doc. # 119].

June 1, 2005, sometime between entering into the two written agreements, the parties made an *oral* management and charter agreement.

In connection with his purchase of the SENSATION, Yokley applied for financing from Community Credit Union ("CCU"). Litchfield received the purchase money on June 1, 2005. On June 14, 2005, Litchfield signed a Bill of Sale representing in writing that the vessel was sold "free and clear of all liens, mortgages, and other encumbrances or any kind and nature."

CCU filed its preferred ship mortgage on June 29, 2005, perfecting its lien on the SENSATION.

Plaintiffs allege that in September 2006, Yokley breached the oral agreement, thereby perfecting a maritime lien against the SENSATION. Plaintiffs allege that they had an inchoate lien starting June 1, 2005, the date the vessel was delivered to Plaintiffs and that, as a result, their lien – perfected in September 2006 at the time of the alleged breach – relates back to June 1, 2005.

Plaintiffs filed this lawsuit against the SENSATION *in rem* seeking to recover alleged damages under the two written contracts and the alleged oral contract, and asserting that they have a maritime lien against the vessel.[2]  CCU, on its own behalf

---

[2] Plaintiff Christina White has a separate and unrelated claim for unpaid wages as the captain of the SENSATION. Her claims are not the subject of the pending motions.

and as representative of CCDC and the SBA, intervened seeking a declaratory judgment that Plaintiffs do not have a preferred maritime lien against the vessel.

Intervenor moved for summary judgment asserting, *inter alia*, that Plaintiffs were estopped by the June 14, 2005 Bill of Sale to assert a maritime lien on the vessel existing prior to that date. The motion, including the estoppel issue, has been fully briefed and is ripe for *de novo* consideration by this Court.

## II.     **STANDARD FOR SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336

F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (internal citation and quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported

statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

## III. ANALYSIS

Invervenor argues that, because Plaintiffs represented in the Bill of Sale on June 14, 2005, that there were no liens on the vessel, Plaintiffs are estopped to argue now that they have a maritime lien on the SENSATION. Estoppel prevents one party from misleading another party to the other's detriment or to the misleading party's own benefit.[3] *See, e.g., Ulico Cas. Co. v. Allied Pilots Ass'n*, __ S.W.3d __, 2008 WL 3991083, *4 (Tex. Aug. 29, 2008) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 515-16 (Tex. 1998)). To estop an opposing party, the party asserting estoppel must show "(1) a false representation or concealment of

---

[3] The Magistrate Judge based his R&R on Plaintiffs' waiver of any maritime lien existing prior to June 14, 2005. A party can waive a right by engaging in conduct inconsistent with claiming that right. *See Ulico Cas. Co.*, __ S.W.3d __, 2008 WL 3991083, *4 (citing *In re Gen. Elec. Capital Corp.,* 203 S.W.3d 314, 316 (Tex. 2006); *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex. 2003); *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex. 1980)). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* (citing *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)). Although it appears that Plaintiffs engaged in intentional conduct inconsistent with the right to assert a maritime lien on the SENSATION existing prior to June 14, 2005, and thereby waived that right, Intervenor did not assert waiver. Consequently, the Court does not adopt the R&R and, instead, grants summary judgment on the estoppel issue raised by Intervenor in its Motion for Summary Judgment.

material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Id.*

In this case, Intervenor has presented uncontroverted evidence that Plaintiffs made a representation in the Bill of Sale that there were no liens on the vessel, a representation that was false in that Plaintiffs concealed the alleged oral management agreement and inchoate lien they now claim were in existence. Plaintiffs do not argue that, when they signed the Bill of Sale and delivered it to Intervenor, they did not know of the existence of the lien they now seek to assert. It is also undisputed that Plaintiffs executed the Bill of Sale knowing and intending that Intervenor would use it in connection with financing the purchase of the vessel.

Plaintiffs argue that Intervenor knew or should have known of the maritime lien because Yokley had provided a business plan indicating that Plaintiffs would be entering into charters for the vessel. There is no evidence, however, that Intervenor knew or could have known when it financed the vessel purchase in 2005 that Plaintiffs would later claim a preferred maritime lien in the SENSATION based on an alleged oral contract and contrary to their representation in the Bill of Sale.

Plaintiffs also argue that Intervenor did not rely on the representation in the Bill of Sale because the sale closed on June 1, 2005. Intervenor, however, has stated that it would not have completed funding of the purchase of the SENSATION had it known that Plaintiffs claimed a preferred maritime lien on the vessel. Indeed, it would be highly unlikely that a financial institution would lend money for the purchase of a vessel knowing that its financing would not be secured by the vessel. Moreover, Kevin Zagrodnick, a CCU employee, advised in the email forwarding the Bill of Sale to Litchfield for his signature, that the Bill of Sale was needed in connection with the financing of the SENSATION, specifically to "complete the SBA package." Although Zagrodnick states that signing the Bill of Sale will not affect Litchfield or the loan, there is no representation regarding the absence of any effect of the Bill of Sale on an alleged lien claimed by Plaintiffs.

The uncontroverted evidence in the record shows that there is no genuine issue of material fact regarding whether Plaintiffs are estopped to assert a preferred maritime lien in the SENSATION. Intervenor's Motion for Summary Judgment based on estoppel is granted.

## IV.  **CONCLUSION AND ORDER**

There is no evidence raising a genuine issue of material fact regarding whether Plaintiffs signed and delivered to Intervenor a Bill of Sale representing unequivocally

that there were no liens or mortgages on the vessel as of June 14, 2005.  As a result, Plaintiffs are equitably estopped to assert a preferred maritime lien against the SENSATION, and it is hereby

**ORDERED** that the Court declines to adopt the R&R and withdraws the reference on this case to the Magistrate Judge.  It is further

**ORDERED** that Intervenor's Motion for Summary Judgment [Doc. # 88] on the estoppel issue is **GRANTED**.  Plaintiffs Majestic and Litchfield are estopped to assert a preferred maritime lien against the SENSATION.  It is further

**ORDERED** that Intervenor's prior Motions [Docs. # 57 and # 76] are **DENIED AS MOOT**.  It is further

**ORDERED** that counsel shall appear before the Court on **October 10, 2008**, at **10:00 a.m.** for a status and scheduling conference for the remaining claim by Plaintiff White.

SIGNED at Houston, Texas, this **24th** day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge